CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RK

JUL 19 2010

JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHESTER L. HICKMAN, )<br>Petitioner, ) | Civil Action No. 7:10-cv-00166 |
| v. ) | MEMORANDUM OPINION |
| DIR. OF DEPT. OF CORRECTIONS, )<br>Respondent. ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Chester L. Hickman, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The respondent filed a motion to dismiss, and the time expired for petitioner to file his response, making the matter ripe for disposition. After reviewing the record, I grant the respondent's motion to dismiss.

I.

The Circuit Court of Campbell County entered petitioner's criminal judgment on June 23, 2008. The circuit court convicted him of "contempt for failing to appear" and "refusing a breathalyzer" following his guilty pleas and of "driving after being declared a habitual offender as a second offense" and "driving while intoxicated as a second offense" following a bench trial. The circuit court sentenced petitioner to a total of six years and sixty days imprisonment. The sentence for refusing the breathalyzer was a loss of his driver's license for a year. Petitioner did not file an appeal.

On December 1, 2008, petitioner filed his petition for a writ of habeas corpus in the circuit court. Petitioner argued that his counsel provided ineffective assistance, his presentence report contained two false charges, and he was actually innocent of being a habitual offender because his driving privileges had been restored. On March 16, 2009, the circuit court dismissed petitioner's habeas petition after the respondent filed a motion to dismiss. Hickman v. Dir. of the

Dept. of Corr., No. CL08999498-00 (Cir. Ct. Campbell Co. Mar. 16, 2009). Petitioner appealed to the Supreme Court of Virginia, but that court dismissed the appeal after finding that petitioner failed to timely file the notice of appeal and petition for appeal. Hickman v. Dir. of the Dept. of Corr., No. 091822 (Va. Oct. 1, 2009).

On April 15, 2010, petitioner filed the instant petition for a writ of habeas corpus. Petitioner argues that counsel provided ineffective assistance for not introducing the order establishing that petitioner was granted a restricted driver's license; not requesting a sentencing reduction; not filing an appeal; and not visiting petitioner at the jail after petitioner requested a meeting. (Pet. 5-12). Petitioner also argues that he should not have been convicted as a habitual offender because his driving privileges had been restored. (Id.)

II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[1] Generally, this period begins to run from the date on which the judgment of conviction becomes final.[2] See 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once

---

[1] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

[2] Petitioner did not argue timeliness under subsections (B) through (D).

2

the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final on July 23, 2008, when the time expired for petitioner to note an appeal from the circuit court to the Court of Appeals of Virginia. See Va. Sup. Ct. R. 5A:6 (requiring a notice of appeal to the Court of Appeals from a trial court's final judgment to be filed within thirty days of the final judgment). Petitioner filed his state habeas petition with the circuit court in December 2008, more than four months after his conviction became final. See Houston v. Lack, 487 U.S. 266, 276 (1988) (describing prison-mailbox rule).

The circuit court denied the habeas petition in March 2009. The Supreme Court of Virginia dismissed his subsequent petition for appeal because he failed to timely file his notice of appeal and petition for appeal. See Va. Sup. Ct. R. 5:9(a) and 5:17(a)(1) (requiring a notice of appeal from trial court to be filed within thirty days following a final judgment and petition for appeal to be filed within three months of final order, respectively). Accordingly, the time the habeas petition was pending before the circuit court is tolled, but the time the untimely notice of appeal and petition for appeal were pending with the Supreme Court of Virginia is not. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (stating a state court's finding that a petitioner untimely filed his state habeas petition does not entitle him to statutory tolling); Allen v. Mitchell, 276 F.3d 183, 185 (4th Cir. 2001) (holding that the statute of limitations is not tolled between the expiration of a state appeal deadline and the subsequent filing of an untimely

appellate petition). Therefore, the federal habeas statute of limitations began running again in April 2009. Petitioner filed the instant petition in April 2010, more than eleven months after the circuit court dismissed the habeas petition. Therefore, more than fourteen months passed between when petitioner's conviction became final and when he filed the instant petition for a writ of habeas corpus, and petitioner does not present any argument why I should equitably toll the statute of limitations. See Holland v. Florida, No. 09-5327, ___ U.S. ___, (June 14, 2010) (holding that § 2244(d) is subject to equitable tolling). Accordingly, I find that petitioner filed his federal habeas petition beyond the one-year statute of limitations, petitioner is not entitled to equitable tolling, and the petition must be dismissed.

III.

For the foregoing reasons, I grant the respondent's motion to dismiss and dismiss the petition. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 19th day of July, 2010.

Senior United States District Judge